KELLY, Judge.
 

 Stephanie Ferrell appeals from the order granting Rand Stollmack’s petition to compel her to execute a release of all her rights in an annuity. She also appeals the order imposing sanctions on her under section 57.105, Florida Statutes (2008). We reverse both orders.
 

 Ferrell and Stollmack were married for seven years. During this time, Stollmack was injured in a motor vehicle accident. He filed a personal injury claim, and Ferrell filed a loss of consortium claim against the driver who was at fault in the accident. Stollmack and Ferrell settled their claims against the driver. The settlement was funded through an annuity issued by TransAmerica Occidental Life Insurance Company, which consisted of six scheduled lump sum payments to be paid to Stoll-mack and Ferrell jointly through August 2010, and thereafter, a minimum of 240 monthly payments commencing in 2011. The annuity provided that if Stollmack died, Ferrell would receive payment for her consortium settlement at a rate of fifty percent of the originally scheduled payments for the remainder of her life. If Ferrell died before Stollmack, however, the payment amount would remain the same and he would receive payments for the rest of his life. If Ferrell and Stoll-mack both died before the 240 installments were paid, the estate of the last person to die would receive the remaining payments.
 

 In August 1993, Ferrell and Stollmack began dissolution of marriage proceedings. As part of a property settlement, Stollmack agreed to waive all his interest in Ferrell’s pension and stocks. In return, Ferrell gave up her interest in all joint annuity payments she was entitled to receive during Stollmack’s lifetime. Ferrell’s attorney drafted a property settlement agreement and mailed it to Stoll-mack’s attorney for review and approval. Stollmack’s attorney struck through one sentence in the agreement leaving the rest unchanged. As amended, the agreement appeared, in pertinent part, as follows:
 

 VI. ANNUITY
 

 6.1 The Husband and the Wife are beneficiaries of a settlement annuity insurance policy owned by TransAmerica Annuity Service Corporation, being Policy No. 902220 issued May 28,1991. The Schedule of Benefits under the policy provides guaranteed lump sum payments initiating August 27, 1993, a copy of said annuity being attached hereto and made a part hereof. The Wife hereby waives any and all claims to any of the payments to be made under or by virtue of the terms of the annuity contract to the Husband during his lifetime, and the Wife agrees the Husband, during his lifetime, may receive all of the payments as his own individual proper
 
 *758
 
 ty. Wife shall remain- the irrevocable beneficiary and shall be entitled to-receive by the existing annuity contract any remaining benefits payable upon the Husband’s death. Wife agrees to execute upon request any documents necessary to confirm the Husband’s entitlement to receive such payments.
 

 Stollmack put his initials near the strikeout, and his attorney then mailed the agreement back to Ferrell’s counsel. Ferrell likewise initialed the document. Neither the parties nor attorneys discussed what, if anything, Stollmack had intended to accomplish by striking that sentence. The finalized agreement was incorporated into the parties’ final judgment of dissolution.
 

 In 2007, Stollmack demanded that Ferrell sign a release giving up her right to annuity payments after his death. Ferrell refused to sign the release. Consequently, Stollmack filed a verified petition to enforce the final judgment of dissolution asking the court to require Ferrell to execute the release. Stollmack also sought sanctions pursuant to section 57.105.
 

 At the hearing on Stollmack’s petition, Ferrell testified that her intent with regard to the stricken portion of the property settlement agreement was that the document would simply be read as if that sentence did not exist. Stollmack, likewise, testified that the meaning of the strikeout was that the sentence was to be deleted from the document. Stollmack argued that by agreeing to remove that sentence, Ferrell had waived her right to receive payments from the annuity after his death. At the conclusion of the hearing, the trial court ruled that by agreeing to delete the sentence referencing her beneficiary rights under the annuity, Ferrell had waived those rights. The court ordered Ferrell to sign the release before she left the hearing and ordered her to pay $3000 in attorney’s fees as a sanction.
 

 We reverse the order requiring Ferrell to relinquish her rights in the annuity upon Stollmack’s death as well as the order sanctioning her for refusing to do so. The parties’ property settlement agreement included a provision addressing the disposition of the parties’ rights under the annuity. In that provision, Ferrell expressly waived her interest in the annuity payments during Stollmack’s lifetime, nothing more: “The Wife hereby waives any and all claims to any of the payments to be made under or by virtue of the terms of the annuity contract to the Husband
 
 during his lifetime,
 
 and the Wife agrees the Husband,
 
 during his lifetime,
 
 may receive all of the payments as his own individual property.” (Emphasis added.) Absent a similar provision waiving her right to payments after Stollmack’s death, that right remained intact. When Ferrell entered into the property settlement agreement she had a vested right to those payments by virtue of the annuity, and nothing in the property settlement agreement altered that right.
 

 Accordingly, we reverse the order granting Stollmack’s petition as well as the order granting his motion for sanctions and remand this case with instructions for the court to order Stollmack to execute any documents necessary to return the parties to their prior positions with regard to the annuity.
 

 Reversed and remanded.
 

 DAVIS, J., and FULMER, CAROLYN K., Senior Judge, Concur.